**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Marilyn Kelly           Michael F. Cavanagh
                        Elizabeth A. Weaver
                        Maura D. Corrigan
                        Robert P. Young, Jr.
                        Stephen J. Markman
                        Diane M. Hathaway

FILED MARCH 30, 2010

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v                                                    No. 137562

DARRELL WILDER,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

HATHAWAY, J.

We granted leave to appeal in this case to consider the limited issue of whether third-degree home invasion, MCL 750.110a(4), is a necessarily included lesser offense of first-degree home invasion, MCL 750.110a(2). We hold that third-degree home invasion under MCL 750.110a(4)(a) is a necessarily included lesser offense of first-degree home invasion because all the elements required to convict defendant of third-degree home invasion under that subdivision are subsumed within the elements that would have been necessary to convict defendant of first-degree home invasion. Accordingly, we reverse the Court of Appeals' judgment and reinstate defendant's convictions and sentences.

## I. Facts and Proceedings

Defendant Darrell Wilder appeared uninvited at Denise Carter's home very early in the morning on December 30, 2006. Ms. Carter recognized him as her son's cousin and opened the main door. Defendant opened the outer storm door and entered Ms. Carter's home without permission. Defendant then walked past Ms. Carter and started unplugging her television set. While doing so he stated, "Auntee, I love you, but this has nothing to do with you. [T]his is because of your son." When Ms. Carter protested, defendant lifted his shirt to display a gun in his waistband. Defendant then took the television with the help of a friend and put it into a waiting car. Ms. Carter told her grandchildren, who had also witnessed the intrusion, to call the police.

Defendant was arrested and charged, as a third-offense habitual offender,[1] with first-degree home invasion,[2] being a felon in possession of a firearm[3] and possessing a firearm during the commission of a felony.[4] The felon-in-possession charge was dismissed, and the case proceeded to trial on the first-degree home-invasion and felony-firearm counts. After a two-day bench trial, defendant was convicted of third-degree home invasion[5] and felony-firearm. The trial court summarized its findings as follows:

---

[1] MCL 769.11.

[2] MCL 750.110a(2).

[3] MCL 750.224f.

[4] MCL 750.227b.

[5] MCL 750.110a(4).

2

Now the Court heard the testimony of the complainant, and the children who were at the house. And there was no question about who the person was.

They never tried to embellish their testimony and said that he broke into the house. They never said he pulled a gun, just said that he pulled up his shirt.

They identified him because everybody knew the man, so there isn't much of an argument about identification.

I think the People have proven beyond a reasonable doubt that [sic] the crime of Home Invasion Third Degree. That he entered without permission; he walked right past her, and took property out.

And when there was any suggestion of resistance, he pulled up his shirt and showed that he was armed. And that was that.

So, the People have to show that the defendant entered without permission, for the purpose of committing a misdemeanor, taking property, or committing a felony.

That his body did go in, so he entered without the owner's permission.

Defendant appealed in the Court of Appeals, asserting, among other things, that his conviction of third-degree home invasion violated his due process rights because that crime is a cognate offense, not a necessarily included lesser offense, of the charged crime of first-degree home invasion. The Court of Appeals agreed with defendant and vacated his convictions.[6] The Court of Appeals opined that a conviction of third-degree home invasion is based on the commission of or intent to commit a misdemeanor. In contrast, a conviction of first-degree home invasion is based on the commission of or intent to

---

[6] *People v Wilder*, unpublished opinion per curiam of the Court of Appeals, issued October 21, 2008 (Docket No. 278737).

3

commit a felony, an element that it concluded is distinct from the commission of, or intent to commit, a misdemeanor.[7] As a result, the Court of Appeals concluded that third-degree home invasion is a cognate offense of first-degree home invasion and, accordingly, the trial court could not convict defendant of the lesser crime.[8] The prosecution applied for leave to appeal in this Court. This Court granted leave to consider the limited issue of whether third-degree home invasion is a necessarily included lesser offense of first-degree home invasion.[9]

## II. Standard of Review

Whether third-degree home invasion is a necessarily included lesser offense of first-degree home invasion is a question of law that this Court reviews de novo.[10] Defendant additionally asserts that his due process rights under the Fourteenth Amendment were violated, which is a constitutional question that this Court also reviews de novo.[11]

## III. Analysis

The issue before us is whether third-degree home invasion is a necessarily included lesser offense of first-degree home invasion and, consequently, whether

---

[7] *Id.* at 4.

[8] *Id.*

[9] *People v Wilder*, 483 Mich 922 (2009).

[10] *In re Investigation of March 1999 Riots in East Lansing*, 463 Mich 378, 383; 617 NW2d 310 (2000).

[11] *Sidun v Wayne Co Treasurer*, 481 Mich 503, 508; 751 NW2d 453 (2008).

4

defendant's convictions should be reinstated. Our analysis begins with a review of the statutory basis for lesser-offense instructions. MCL 768.32(1) provides in relevant part:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, *may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment,* or of an attempt to commit that offense. [Emphasis added.]

In *People v Cornell*,[12] this Court considered what constitutes an "offense inferior to that charged" within the meaning of MCL 768.32(1). In its discussion of inferior offenses, the *Cornell* Court opined that "'the word "inferior" in the statute does not refer to inferiority in the penalty associated with the offense, but, rather, to the absence of an element that distinguishes the charged offense from the lesser offense.'"[13]

On this basis, the *Cornell* Court concluded that MCL 768.32(1) permits the trier of fact to find a defendant guilty of a lesser offense if the lesser offense is necessarily included in the greater offense. A lesser offense is necessarily included in the greater offense when the elements necessary for the commission of the lesser offense are subsumed within the elements necessary for the commission of the greater offense.[14]

---

[12] *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002).

[13] *Id.* at 355, quoting *People v Torres (On Remand)*, 222 Mich App 411, 420; 564 NW2d 149 (1997).

[14] *Cornell*, 466 Mich at 357; see also *People v Mendoza*, 468 Mich 527, 533; 664 NW2d 685 (2003).

Necessarily included lesser offenses are distinguishable from cognate offenses. Cognate offenses share several elements and are of the same class or category as the greater offense, but contain elements not found in the greater offense.[15] As a result, a cognate offense is *not* an inferior offense under MCL 768.32(1). Accordingly, the trier of fact may not find a defendant not guilty of a charged offense but guilty of a cognate offense because the defendant would not have had notice of all the elements of the offense that he or she was required to defend against.[16]

In applying these principles to the present case, we must review the home invasion statutes to determine whether the elements of third-degree home invasion, MCL 750.110a(4), are subsumed within the elements of first-degree home invasion, MCL 750.110a(2).

MCL 750.110a(2) sets forth the elements of the crime of first-degree home invasion:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

---

[15] *Cornell*, 466 Mich at 345.

[16] *Id.* at 354-355, 359.

6

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

MCL 750.110a(4) sets forth the elements of the crime of third-degree home invasion:

> A person is guilty of home invasion in the third degree if the person does either of the following:
>
> (a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor.
>
> (b) Breaks and enters a dwelling or enters a dwelling without permission and, at any time while the person is entering, present in, or exiting the dwelling, violates any of the following ordered to protect a named person or persons:
>
> (*i*) A probation term or condition.
>
> (*ii*) A parole term or condition.
>
> (*iii*) A personal protection order term or condition.
>
> (*iv*) A bond or bail condition or any condition of pretrial release.

A review of these statutes demonstrates that both first-degree home invasion and third-degree home invasion can be committed in several different ways, each of which involves alternative elements necessary to complete the crime.

The alternative elements of first-degree home invasion can be broken down as follows:

7

Element One: The defendant *either*:

1.  breaks and enters a dwelling or

2.  enters a dwelling without permission.

Element Two: The defendant *either*:

1.  intends when entering to commit a felony, larceny, or assault in the dwelling or

2.  at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault.

Element Three: While the defendant is entering, present in, or exiting the dwelling, *either*:

1.  the defendant is armed with a dangerous weapon or

2.  another person is lawfully present in the dwelling.

The alternative elements of third-degree home invasion can be broken down as follows:

Element One: The defendant *either*:

1.  breaks and enters a dwelling or

2.  enters a dwelling without permission.

Element Two: The defendant:

1.  intends when entering to commit a misdemeanor in the dwelling, or

2.  at any time while entering, present in, or exiting the dwelling commits a misdemeanor, or

3.  while entering, present in, or exiting the dwelling violates any of the following ordered to protect a named person or persons:

    a.  probation term or condition, or

    b.  parole term or condition, or

    c.  personal protection order term or condition, or

    d.  bond or bail condition or any condition of pretrial release.

8

The Court of Appeals opined that third-degree home invasion cannot be a necessarily included lesser offense of first-degree home invasion because one or more of the possible alternative elements of third-degree home invasion are distinct from the elements of first-degree home invasion. In doing so, it failed to confine its analysis to the elements at issue in this case; rather, it based its decision on an analysis of alternative elements that were not at issue. The Court reasoned that if there *could* be any instance in which the underlying misdemeanor is not subsumed within the predicate felony, then the entire crime is a cognate offense. We disagree with this rationale.

We conclude that a more narrowly focused evaluation of the statutory elements at issue is necessary when dealing with degreed offenses that can be committed by alternative methods. Such an evaluation requires examining the charged predicate crime to determine whether the alternative elements of the lesser crime committed are subsumed within the charged offense. As long as the elements at issue are subsumed within the charged offense, the crime is a necessarily included lesser offense. Not all possible statutory alternative elements of the lesser offense need to be subsumed within the elements of the greater offense in order to conclude that the lesser offense is a necessarily included lesser offense. Accordingly, in order to determine whether the specific elements used to convict defendant of third-degree home invasion in this case constitute a necessarily included lesser offense of first-degree home invasion, one must examine the offense of first-degree home invasion as charged and determine whether the elements of third-degree home invasion as convicted are subsumed within the charged offense.

The record in this case indicates that defendant was charged with first-degree home invasion for entering the complainant's home without permission, taking property out of the home, and displaying a gun in his waistband. The trial court convicted defendant of third-degree home invasion under MCL 750.110a(4)(a) by finding that defendant entered the home without permission and committed a misdemeanor (larceny). Thus, we need only examine the elements of third-degree home invasion under MCL 750.110a(4)(a) to determine whether the crime, when committed in that specific manner, is a necessarily included lesser offense of the charged crime of first-degree home invasion.

In the instant case, it is clear that third-degree home invasion under MCL 750.110a(4)(a) is a necessarily included lesser offense of first-degree home invasion because all the elements required to convict defendant of third-degree home invasion under that subdivision are subsumed within the elements of first-degree home invasion. The elements of first-degree home invasion, MCL 750.110a(2), as *charged* in this case are:

Element One: Defendant entered a dwelling without permission.

Element Two: Defendant, while present in the dwelling, committed a larceny.

Element Three: While present in the dwelling, defendant was armed with a dangerous weapon.

The elements of third-degree home invasion, MCL 750.110a(4)(a), used to *convict* defendant were:

Element One: Defendant entered a dwelling without permission.

10

Element Two: Defendant, while present in the dwelling, committed a misdemeanor.

A misdemeanor offense is necessarily included in a larceny offense if all the elements necessary to commit the misdemeanor are subsumed within the elements necessary to commit the larceny.[17] The second element of the lesser crime, *commission of a misdemeanor while present in the dwelling*, is subsumed within the second element of the greater crime charged, *commission of a larceny while present in the dwelling*, because every felony larceny necessarily includes within it a misdemeanor larceny. In other words, given the charged offense, it would have been necessary for defendant to commit third-degree home invasion, by committing the misdemeanor, before completing the crime of first-degree home invasion, by committing the larceny. Accordingly, third-degree home invasion under MCL 750.110a(4)(a) is a necessarily included lesser offense of first-degree home invasion.[18]

We next consider whether defendant's due process rights were violated. Due process requires that a defendant be on notice of all the elements of a crime that he or she

---

[17] *Cornell*, 466 Mich at 345.

[18] We note that third-degree home invasion under MCL 750.110a(4)(b) is completed when a defendant breaks and enters a dwelling or enters a dwelling without permission and, while there or while entering or exiting, violates a term or condition of probation, parole, a personal protection order, or bond or bail. Since defendant in this case was not convicted under MCL 750.110a(4)(b), the issue of whether third-degree home invasion under MCL 750.110a(4)(b) is a necessarily included lesser offense of first-degree home invasion is not before us, and we therefore refrain from deciding it.

11

is charged with and is expected to defend against.[19]  Because all the elements of third-degree home invasion are subsumed within the elements required for first-degree home invasion in this case, defendant was on notice of all the elements of the crime he was required to defend against.  As a result, defendant was fully informed of the nature of the charges against him and the elements that the prosecution was required to prove beyond a reasonable doubt in order to obtain a conviction.  Accordingly, we conclude that defendant's due process rights were not violated because he was convicted of a necessarily included lesser offense of the crime with which he was charged.

## IV.  Conclusion

We granted leave in this case to consider the limited issue of whether third-degree home invasion, MCL 750.110a(4), is a necessarily included lesser offense of first-degree home invasion, MCL 750.110a(2).  We hold that third-degree home invasion under MCL 750.110a(4)(a) is a necessarily included lesser offense of first-degree home invasion because all the elements supporting defendant's conviction of third-degree home invasion are subsumed within the elements that would have been necessary to convict defendant of

---

[19] See *Schmuck v United States*, 489 US 705, 717-718; 109 S Ct 1443; 103 L Ed 2d 734 (1989).

12

first-degree home invasion. Further, defendant's due process rights were not violated because he was on notice of all the elements of the crime he was required to defend against. Accordingly, we reverse the Court of Appeals' judgment and reinstate defendant's convictions and sentences.

Diane M. Hathaway
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

13

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

No. 137562

DARRELL WILDER,

      Defendant-Appellee.

_____

CORRIGAN, J. (*concurring*).

I join the majority opinion because I agree that third-degree home invasion under MCL 750.110a(4)(a) is a necessarily included lesser offense of the charged offense of first-degree home invasion. As the majority opinion explains, all the elements required for defendant's conviction of third-degree home invasion are subsumed in the elements of first-degree home invasion.

I write separately only to express continued adherence to my dissenting opinion in *People v Nyx*, 479 Mich 112, 154-179; 734 NW2d 548 (2007). That is, when the Legislature itself has formally divided an offense into degrees, MCL 768.32(1) permits a fact-finder to convict a defendant of a legislatively denominated inferior degree of the charged offense if a rational view of the evidence supports the conviction. Resort to the

*Cornell*[1] rule of construction for determining whether an offense is inferior is simply unnecessary in this situation.

Nonetheless, because the majority here correctly concludes that the elements of third-degree home invasion under MCL 750.110a(4)(a) are subsumed in the charged offense of first-degree home invasion, thereby requiring reinstatement of defendant's convictions and sentences, I concur in the majority's decision.

Maura D. Corrigan

---

[1] *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002).

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN

        Plaintiff-Appellant,

v

No. 137562

DARRELL WILDER,

        Defendant-Appellee.

_____

CAVANAGH, J. (*concurring in part and dissenting in part*).

I concur with the result reached by the majority opinion. I agree with the majority opinion that defendant's due process rights were not violated. Because defendant was charged with committing first-degree home invasion on the basis of committing a larceny offense, defendant was on notice that he needed to defend each element of a larceny crime. I do not, however, join the majority opinion in full because I continue to believe that the majority's interpretation of the word "inferior" in MCL 768.32 is contrary to the established definition and historical use of the term. See *People v Mendoza*, 468 Mich 527, 548-555; 664 NW2d 685 (2003) (CAVANAGH, J., concurring), and *People v Nyx*, 479 Mich 112, 142-143; 734 NW2d 548 (2007) (CAVANAGH, J., concurring in result only).

                                        Michael F. Cavanagh
                                        Marilyn Kelly