# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LARRY LAVERN STOKES,

      Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No. 319136
Calhoun Circuit Court
LC No. 2013-001769-FH

---

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of larceny in a building, MCL 750.360, unarmed robbery, MCL 750.530, and assault with intent to do great bodily harm less than murder, MCL 750.84. He was sentenced as a fourth-habitual offender, MCL 769.12, to serve 46 to 180 months in prison for the larceny conviction, 172 to 600 months in prison for the unarmed robbery conviction, and 114 to 402 months' imprisonment for the assault conviction. We affirm defendant's convictions, but remand for resentencing.

## I. SUMMARY OF FACTS

On May 3, 2013, the victim was home alone when defendant knocked on her door and asked for a glass of water. The victim was acquainted with defendant, whom she had first met about three years earlier. After recognizing defendant through the "peep hole" in the door, she let him in. They engaged in small talk in the living room for a short time. The victim eventually asked defendant to leave, but instead of doing so, defendant requested a second glass of water. When the victim returned from the kitchen with the water, defendant asked her for sex. She told him no. The victim testified that when defendant stood up, he walked to her television, put his arm around it, and told her that he was taking it with him. When she verbally confronted him, defendant punched her. The force of the blow sent her flying into a chair, and defendant repeatedly struck her in the back of the head. Defendant eventually left the victim's house with her television, one of her cell phones, and her television remote.

The victim sustained a three centimeter long laceration of her left eyebrow that required two layers of stitches. She also had multiple contusions, including significant bruising around her left eye, bruising in the occipital area of her head, a bruise on her left hip, and abrasions on her arms.

-1-

## II. DUE PROCESS

Defendant first argues that his due process right to a fair trial was violated because the trial court allowed the victim to testify even though she had extensive facial bruising from an unrelated incident. Defendant's contention that he was deprived of due process of law presents a constitutional question subject to de novo review. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010). Due process requires fundamental fairness as essential to the principle of justice. *People v Fike*, 228 Mich App 178, 184; 577 NW2d 903 (1998).

The essence of defendant's argument is that the victim's appearance was prejudicial and inflammatory, and that it would unfairly engender sympathy for the victim to defendant's detriment. However, the jury was told during voir dire that the victim was injured in a wholly separate incident. Indeed, the jury was specifically told that defendant had nothing to do with the victim's physical condition as viewed on the day of trial. Moreover, the victim herself testified that she had been beaten up about a week before trial and that the assault was unrelated to defendant. Additionally, photographs of her physical condition after the charged assault were admitted into evidence, as was testimony describing the extent of her injuries. And the trial court clearly instructed the jury that it was to decide the case solely on the evidence, and then it explained that the only evidence was the answers to the attorneys' questions and the admitted exhibits. Jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). On these facts, defendant received a fair trial and his due process rights were not violated.[1] Defendant's argument that prejudice was established in light of the fact that his first trial in this case ended in a mistrial due to a hung jury is nothing more than speculation, and we also note that there was additional testimony presented by the prosecution in the second trial. Reversal is unwarranted.

Defendant also argues that defense counsel provided ineffective assistance by failing to request an adjournment and by failing to question the victim about her physical condition. Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles involving a claim of ineffective assistance of counsel, stated:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient.

---

[1] We posit that the victim's appearance could even have been viewed as being favorable to defendant, given that the jury was emphatically informed that defendant had absolutely nothing to do with her appearance at trial, thereby suggesting that the victim had enemies other than defendant.

This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

Counsel's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

As to the issue of requesting an adjournment, defendant's argument seems to be that the delay obtained by an adjournment would have provided time for the victim's condition to improve, thus muting any prejudice stemming from her appearance. The record shows that defense counsel sought to prevent the victim from testifying in her current condition, which essentially was a request for an adjournment. Moreover, given the trial court's rejection of defense counsel's request, it is reasonable to assume that the court would have also denied a specific motion to adjourn predicated on the victim's appearance. Counsel cannot be faulted for failing to raise an issue that the court would likely have rejected. See *Fike*, 228 Mich App at 182. Neither deficient performance nor prejudice has been established.

Defendant also argues that defense counsel should have "vigorously" cross-examined the victim about the irrelevance of her appearance, thereby highlighting that her injuries were unrelated to the allegations against defendant. Decisions as to how to question a witness are presumed to be a matter of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). And we generally do not second guess counsel's decisions on matters of trial strategy. *Id.* In this case, counsel could have reasonably concluded that pursuing the matter further would be of no benefit to defendant given the clarity with which the matter had already been addressed. In fact, counsel could have reasonably determined that pursuing the matter further might only focus the jury's attention on the injuries and thus have resulted in the very prejudice counsel wished to avoid.

In sum, defendant fails to show that defense counsel's representation was deficient, nor has prejudice been established.

## III. SENTENCING

Defendant next argues that the trial court erred in assessing 10 points for offense variable (OV) 4, MCL 777.34. The prosecutor concedes that OV 4 should have been scored at zero points and that because of this error, defendant is entitled to resentencing. The conceded error indeed alters the minimum sentence range; therefore, remand for resentencing is required. See *People v Francisco,* 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

Defendant finally contends that, pursuant to *Alleyne v United States*, __ US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013), his constitutional rights under the Sixth and Fourteenth Amendments to a jury trial and to have the prosecution prove its case beyond a reasonable doubt were violated, given that the trial court engaged in impermissible judicial fact-finding in regard to various scoring variables. In *Alleyne*, the United States Supreme Court held that facts that increase a mandatory minimum sentence must "be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2163. In *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), this Court rejected application of *Alleyne* to Michigan's sentencing scheme. In *People v Lockridge*, 304 Mich App 278; 849 NW2d 388 (2014), this Court acknowledged that it was bound by *Herron* and therefore concluded that *Alleyne* did not impact sentencing in Michigan, although two members of the panel voiced disagreement with *Herron*. Our Supreme Court has now granted leave in *Lockridge*, 496 Mich 852 (2014), and is holding *Herron* in abeyance pending its ruling in *Lockridge*, 846 NW2d 924 (2014). Defendant acknowledges *Herron* and *Lockridge* and presents this issue merely for purposes of preservation. We reject defendant's argument in light of the fact that we currently remain bound by *Herron* and *Lockridge*. MCR 7.215(J)(1).

We affirm defendant's convictions, but remand for resentencing. We do not retain jurisdiction.


/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra

-4-