# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS LONG ROBINSON,

        Defendant-Appellant.

UNPUBLISHED
July 14, 2016

No.   326202
Wayne Circuit Court
LC No.   14-008276-FH

Before:  JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree home invasion, MCL 750.110a(2), stealing and retaining another's financial transaction device without consent, MCL 750.157n(1), larceny from a motor vehicle by stealing property that has a value greater than $200, but less than $1,000, MCL 750.356a(2)(b)(*i*), and larceny from a motor vehicle by stealing property that has a value less than $200, MCL 750.356a(2)(a).  The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 10 to 35 years' imprisonment for first-degree home invasion, 10 to 15 years' imprisonment for stealing and retaining a financial transaction device, and time served for the larceny convictions.  On appeal, defendant only challenges his first-degree home invasion conviction.  We affirm.

This case arises from a series of robberies that occurred on September 6, 2014.  On that date, a home invasion and two car robberies were reported to the police.  On the same morning, defendant was pulled over for a traffic stop near the location of the robberies.  Later, goods stolen from the home and cars were discovered in vehicles that were linked to defendant.

On appeal, defendant contends that there was insufficient evidence to support his first-degree home invasion conviction.  Specifically, defendant asserts that the evidence was insufficient to support the finding that he was the perpetrator of the home invasion.  We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted).  "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).  Circumstantial evidence and reasonable inferences arising from it may be

-1-

used to prove the elements of a crime.  *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012).

To establish that a defendant is guilty of first-degree home invasion, the prosecution must establish that 1) the defendant breaks and enters a dwelling or enters a dwelling without permission; 2) the defendant, when entering, intends to commit a felony, larceny, or assault in the dwelling or at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault; and 3) the defendant, while entering, present in, or exiting the dwelling is armed with a dangerous weapon or another person is lawfully present in the dwelling.  MCL 750.110a(2); *People v Wilder*, 485 Mich 35, 42-43; 780 NW2d 265 (2010).  Defendant argues only that the evidence was insufficient to establish his identity as the person involved in the home invasion.  "[I]t is well settled that identity is an element of every offense."  *People v Yost*, 278 Mich App 341, 354, 356; 749 NW2d 753 (2008).  Therefore, it is axiomatic that the prosecution must prove the identity of the defendant as the perpetrator of the charged offense beyond a reasonable doubt.

Here, there was evidence that defendant was in the area where the home invasion occurred during the pertinent time period.  Defendant was pulled over in his GMC Sierra nearby the victims' home on the morning the crime occurred.  Further, a neighbor saw a vehicle matching the description of the GMC Sierra near her house around the time of the home invasion.  There was also evidence linking defendant to the stolen property.  The victim testified that a Panasonic television remote was among the stolen items.  This remote, along with other reportedly stolen property, was later found in the GMC Sierra that defendant was driving on the morning of the home invasion.  Defendant was also arrested while in possession of property reportedly stolen from the vehicle robberies, which occurred on the same street and on the same morning of the home invasion.  Finally, defendant admitted to being a heroin addict, establishing a motive for defendant to commit the home invasion—to obtain money to buy heroin.

Although there was no direct evidence establishing defendant's identity, circumstantial evidence and reasonable inferences arising from it may be used.  *Brantley*, 296 Mich App at 550.  Defendant relies on opinions from this Court to assert support his position.  See *People v McDonald*, 13 Mich App 226; 163 NW2d 796 (1968).  However, these cases are distinguishable from the present case because there was evidence connecting defendant to the crime other than possession of stolen property.  *Id*. at 236-237.  Accordingly, there was sufficient evidence of defendant's identity to support his conviction of first-degree home invasion.

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra

-2-