# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TEQUILA MARGARET PERRY,

        Defendant-Appellant.

UNPUBLISHED
July 26, 2016

No. 326463
Wayne Circuit Court
LC No. 14-006132-FC

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

Defendant, Tequila Margaret Perry, appeals as of right her convictions, following a jury trial, of involuntary manslaughter, MCL 750.321, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The jury acquitted Perry of first-degree and second-degree murder. The trial court sentenced Perry to serve 57 months' to 15 years' imprisonment for her manslaughter conviction and a consecutive term of two-years' imprisonment for her felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

Perry's convictions arose from the shooting death of Tanika Rhodes in the early morning hours of June 22, 2014. Perry was romantically involved with a man who had previously been involved with Rhodes. Witnesses testified that Perry and Rhodes engaged in a physical fight outside of a night club in Detroit. One witness testified that Perry shot Rhodes after a friend told her to shoot.

According to Perry, she had a concealed pistol license and carried her gun with her at all times because she lived in a bad neighborhood. Perry's friends wanted to speak with some men after Perry and her group left the club, and she flicked the safety off on her pistol because it was dark and she did not know the men. While her friends were speaking with the men, Rhodes approached Perry, and they began fighting. During the fight, Rhodes knocked Perry to the ground, where Perry was stomped and kicked. Perry reached for her gun, intending to fire a warning shot, but as she was raised it, someone hit or grabbed the gun and it went off. Perry testified that she did not intend to pull the trigger. Everyone screamed and ran.

Perry stated that she got into her car with her friends and went directly to the police station because she did not know if she had shot someone. According to Dennis Johnson, the

-1-

precinct supervisor, Perry turned herself in at a police precinct, stating that she had fired her weapon, but she was unsure whether she had shot anyone. Perry told him that she was fighting with a woman and, as she was fighting, "she began to fall back and she discharged her weapon." Though Perry complained of injuries, Johnson did not see any injuries on her.

After the trial court proposed jury instructions, defense counsel requested "a defense to the involuntary manslaughter charge in the form of either self-defense or accident" because Perry, "in an attempt to protect herself while she was being assaulted by one or two people, did attempt to raise her gun and fire a shot in the air." Defense counsel clarified, "the gun went off as she was raising it. And I think that would qualify as an accident," and responded affirmatively when the trial court asked if counsel was requesting an accident instruction related to involuntary manslaughter:

> *The Court:* Okay. All right. So the only contested instruction that has been offered here is . . . the accident instruction as it relates to involuntary manslaughter.

> *Defense Counsel:* Yes, Your Honor.

Following the trial court's issuance of the jury instructions, the trial court asked defense counsel, "Satisfied with the instructions?" Defense counsel answered, "Satisfied, Your Honor."

The jury acquitted Perry of first- and second-degree murder but found her guilty of involuntary manslaughter. While sentencing Perry, the trial court assessed 25 point under Offense Variable (OV) 3 for the life-threatening injury she caused Rhodes.

## II. JURY INSTRUCTIONS

Perry contends that the trial court's jury instructions were erroneous because it failed to issue self-defense instructions to the jury. We disagree.

When reviewing a claim of instructional error, this Court views the instructions as a whole to determine whether the issues to be tried were adequately presented to the jury. *People v Martin*, 271 Mich App 280, 337-338; 721 NW2d 815 (2006). This Court reviews de novo questions of law, including whether an offense is a necessarily included lesser offense and whether an instructional error violated a defendant's due process rights under the Fourteenth Amendment. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010). This Court reviews for an abuse of discretion the trial court's decision regarding the applicability of a jury instruction to the facts of a specific case. *People v McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

The affirmative defenses of self-defense and defense of others apply if the defendant "honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." *People v Orlewicz*, 293 Mich App 96, 102; 809 NW2d 194 (2011). "A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted

-2-

intentionally, but that the circumstances justified his actions." *People v Heflin,* 434 Mich 482, 503; 456 NW2d 10 (1990).

In this case, Perry did not claim that she intentionally shot the victim. To the contrary, Perry explicitly denied that she intended to shoot anyone. Perry testified that the gun accidentally discharged while she was attempting to shoot it into the air to scare the victim away. We conclude that the trial court did not abuse its discretion in denying a self-defense instruction because the evidence did not support such an instruction.

Perry also contends in a supplemental brief that defense counsel was ineffective for failing to request a self-defense instruction regarding the charges of first- and second-degree murder. We reject this argument because the jury acquitted Perry of these charges. Accordingly, no alleged error on the part of defense counsel could possibly have been outcome determinative. See *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007) (stating that a defendant must show that defense counsel's allegedly defective performance was outcome determinative).

III. OV 3

Perry contends that the trial court should not have assessed 25 points under OV 3. We disagree.

The trial court must assess OV 3 when a victim was physically injured:

(1) Offense variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) A victim was killed ...............................................................100 points

(b) A victim was killed ...............................................................50 points

(c) Life threatening or permanent incapacitating injury occurred to a victim ........................................................................................ 25 points

(d) Bodily injury requiring medical treatment occurred to a victim.............
........................................................................................10 points

(e) Bodily injury not requiring medical treatment occurred to a victim ......
........................................................................................5 points

(f) No physical injury occurred to a victim ...................................0 points.
[MCL 777.33.]

The trial court may not assess 100 or 50 points for OV 3 if homicide is the sentencing offense. MCL 777.33(2)(b); *People v Houston*, 473 Mich 399, 405; 702 NW2d 530 (2005). But the trial court may not assess zero points for OV 3 if the defendant was convicted of a homicide offense and the victim was killed. *Id*. at 405-406. If the victim was killed, the trial court must assess the defendant 25 points unless a higher score applies. *Id*. at 407.

Perry recognizes that *Houston* is controlling in this case, but she contends that the Michigan Supreme Court wrongly decided *Houston* and raises the issue before this Court for preservation purposes only. This Court lacks the power to overrule decisions of our Supreme Court regardless of our perception of the correctness of those decisions. *People v Crockran*, 292 Mich App 253, 256-257; 808 NW2d 499 (2011). Because Perry concedes that *Houston* applies, we conclude that the trial court correctly assessed 25 points under OV 3.

We affirm.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell