# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KIERA JOHNSON,

Defendant-Appellant.

UNPUBLISHED
September 27, 2018

No. 337130
Wayne Circuit Court
LC No. 16-004245-01-FH

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of felonious assault, MCL 750.82. She was sentenced to one year of probation. Defendant appeals, and we affirm.

The jury convicted defendant of this charge based on its finding that defendant threw a brick at her neighbors in May 2016. The events leading to defendant's arrest began with a late-night altercation between defendant and her landlord neighbor, Kadhuma Al-Safi (Kadhuma). Based on witness testimony, the altercation began either as a result of loud music coming from defendant's home or defendant being late in her rental payments. In either respect, defendant came out of her home to speak with Kadhuma in the driveway situated between the two homes. Several others joined them, including defendant's friend, mother, and son. Kadhuma was later joined by his wife.

The meeting soon became aggressive, as both defendant and the Al-Safis began screaming at one another. Amidst the commotion, the Al-Safis retreated back to their own lawn. According to the Al-Safis, defendant, while standing about 15 feet away, hurled a landscaping brick toward them, which landed a few feet away from where they stood. In a written statement provided to the police, defendant conceded that she threw a brick but contended that she threw it "in the backyard."

At trial, defense counsel requested that the jury receive an instruction on the lesser included offense of simple assault in addition to the charged greater offense of felonious assault. The trial court denied that request, reasoning that such an instruction was not warranted based on the evidence that had been presented at trial.

-1-

On appeal, defendant argues that the trial court erred by denying defense counsel's request for a jury instruction on the lesser included offense of simple assault. We disagree.

The determination of whether an offense is a necessarily included lesser offense is a question of law that we review de novo. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010). However, we review a trial court's determination of whether an instruction applies to the facts of a case for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

In order for a "lesser" offense to be necessarily included, the elements of the lesser offense must be subsumed within the elements of the greater offense. *Wilder*, 485 Mich at 41. This can be distinguished from a cognate lesser offense, which shares several elements with the greater offense, but also contains elements that are not found within the greater offense. *Id*. Simple assault is committed whenever someone places another in reasonable apprehension of a battery by attempting a battery or some unlawful act. *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). Felonious assault is committed when one places another in reasonable apprehension of a battery through the use of dangerous weapon. MCL 750.82; *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Moreover, "felonious assault is defined as a simple assault aggravated by the use of a weapon." *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993). Therefore, because its elements are entirely subsumed within the crime of felonious assault, simple assault is a necessarily included lesser offense of felonious assault.

A requested instruction on a necessarily included offense should be given to the jury if "a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002); see also *People v Reese*, 466 Mich 440, 446; 647 NW2d 498 (2002). A rational view of the evidence supports an instruction on a necessarily included lesser offense when the differing element or elements are "sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense." *Cornell*, 466 Mich at 352 (quotation marks and citation omitted).

Here, a rational view of the evidence does not support an instruction on the offense of simple assault. The differing element between the two offenses was whether a dangerous weapon was used to commit an assault. Under the facts of this case, the jury could not have found defendant innocent of felonious assault and guilty of simple assault. Two witnesses testified that they did not see defendant throw a brick, but the two complaining witnesses testified that she did. Furthermore, defendant admitted to the police that she did throw a brick, but that she threw it into her backyard (presumably away from the Al-Safis). Hence, the evidence suggested three possible different scenarios: defendant threw the brick at the Al-Safis, defendant threw the brick but not in the direction of the Al-Safis, or defendant did not throw the brick at all. Under none of these scenarios could defendant be guilty of simple assault because the only way an assault could have occurred was by throwing the brick; there was no evidence

introduced that showed defendant committing a simple assault, i.e., with no weapon, on the Al-Safis. Accordingly, the trial court did not abuse its discretion when it failed to instruct the jury on the lesser-included crime of simple assault.

Affirmed.

/s/ Jonathan Tukel
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro