*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL DENNIS NAUGHTON,

Defendant-Appellant.

UNPUBLISHED
June 11, 2019

No. 342180
Wayne Circuit Court
LC No. 16-007174-01-FH

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Defendant, Michael Dennis Naughton, appeals as of right his bench trial convictions for first-degree home invasion, MCL 750.110a(2), and larceny in a building, MCL 750.360. Naughton was sentenced to 2 to 20 years' imprisonment for his home invasion conviction and one to four years' imprisonment for his larceny conviction. On appeal, Naughton argues that the trial court erred by denying his motion for a new trial on the basis of newly discovered evidence. We affirm.

On June 16, 2016, a homeowner returned home and found her side door unlocked. She went inside and saw a cooler bag she normally kept in her basement. The cooler bag was full of other items from her basement and had not been in the hallway by the side door when she left for work that morning. After the homeowner heard a noise and called out, Naughton appeared and introduced himself as the son of Deborah Parker, the woman who walked the homeowner's dog. Naughton said that he was there at Parker's request to check on the dog. The homeowner asked Naughton to leave. Naughton did, taking the homeowner's cooler bag, claiming it was his. The homeowner soon found a garbage bag filled with additional household items in her office and later realized that a jewelry box and collectible coins were missing.

During Naughton's trial, Parker testified. Thereafter, Parker called Naughton's trial attorney and left a voicemail in which she attempted to clarify part of her trial testimony. Following Naughton convictions, he moved for a new trial based on Parker's voicemail, arguing that it was newly discovered evidence. The trial court denied Naughton's motion for new trial. This appeal followed.

-1-

We review a trial court's decision to deny a motion for a new trial for an abuse of discretion. *People v Powell*, 303 Mich App 271, 276-277; 842 NW2d 538 (2013). "An abuse of discretion occurs when the trial court renders a decision falling outside the range of principled decisions." *Id*. at 277 (quotation marks and citation omitted). Factual findings are reviewed for clear error. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

Our Supreme Court outlined the requirements for a trial court to grant a new trial on the basis of newly discovered evidence in *Cress*, 468 Mich at 692, stating,

> [The] defendant must show that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. [Quotation marks and citations omitted.]

Newly discovered impeachment evidence can result in a new trial, but it is a rare event and appropriate only when "(1) the necessary exculpatory connection exists between the heart of the witness's testimony at trial and the new impeachment evidence and (2) a different result is probable on retrial." *People v Grissom*, 492 Mich 296, 318; 821 NW2d 50 (2012). Furthermore, "Michigan courts have expressed reluctance to grant new trials on the basis of recanting testimony." *People v Canter*, 197 Mich App 550, 560; 496 NW2d 336 (1992).

Parker testified that several people employed her as a dog walker, including the homeowner and another person who lived on the same block. Parker sometimes brought Naughton with her, and he would walk one dog as she walked the other. The prosecution asked Parker if there was ever a time when she stayed at home while Naughton walked the dogs, and Parker answered, "Not that I recall." Parker indicated that she walked the homeowner's dog on June 16, 2016, but could not remember if she also walked the neighbor's dog that day or whether she directed Naughton to go into the homeowner's home to get her dog. The day after Parker testified, she called Naughton's trial attorney and left a message expressing concern that her testimony may not have been completely accurate. In pertinent part, Parker said,

> One of the questions they asked me [at trial] was if [Naughton] was ever alone taking care of the dogs when I wasn't with him when I was home at my apartment, and that part of it is true.
>
> I don't think he ever was there alone while I was home, but there were times when I was out of town that [Naughton] did take care of dogs for me by himself . . . .

Evidence is "newly discovered" if it "was unknown to the defendant or his counsel at the time of trial." *People v Rao*, 491 Mich 271, 283; 815 NW2d 105 (2012) (quotation marks and citation omitted). "[W]hen a defendant is aware of evidence before trial, he or she is charged with the burden of using reasonable diligence to make that evidence available and produce it at trial." *Id*. (emphasis omitted). Accepting Parker's clarification as true, Naughton undoubtedly knew that he assisted Parker with her dog-walking service when she was out of town. Because this fact was known to Naughton at the time of trial, it does not constitute newly discovered

evidence. *Id*. At most, Parker's voicemail involved newly *available* evidence, which cannot serve as a basis for a new trial unless the defendant exercised reasonable diligence to produce the evidence at trial. *Id*. at 283-284. In this case, Parker was available and testified at trial. Naughton's trial attorney simply did not elicit this testimony from Parker. Thus, Parker's voicemail does not satisfy the requirements of newly discovered evidence or evidence that could not have been produced at trial through reasonable diligence. *Id*.; *Cress*, 468 Mich at 692.

Naughton argues that Parker's voicemail was both material and exculpatory because it negates her testimony indicating that Naughton did not have permission[1] to enter the homeowner's residence as Parker's agent. We disagree. Parker never stated that she asked Naughton to enter the homeowner's house on June 16, 2016. Rather, she merely indicated that she would ask Naughton to walk dogs for her when she was out of town. Because Parker's testimony at trial established that she was not out of town on the date in question, her voicemail had no exculpatory effect. Therefore, even if Parker's voicemail otherwise met the first three requirements outlined in *Cress*, 468 Mich at 692, it is improbable that the voicemail would have resulted in a different outcome on retrial. The trial court did not abuse its discretion by denying Naughton's motion for a new trial.

Finally, relying solely on *People v Burton*, 74 Mich App 215; 253 NW2d 710 (1977), Naughton argues that, at minimum, the trial court should have conducted an evidentiary hearing to further investigate Parker's "recantation and/or correction of her testimony." *Burton*, however, was decided by this Court before November 1, 1990, and, therefore, lacks authority as binding precedent. See MCR 7.215(J)(1). Furthermore, *Burton* does not stand for the proposition asserted by Naughton. Although this Court ordered the trial court to conduct a hearing regarding newly discovered evidence, *Burton*, 74 Mich App at 219, *Burton* does not establish an absolute entitlement to an evidentiary hearing whenever a defendant moves for a new trial on the basis of newly discovered evidence. Nor do we believe a hearing is necessary or appropriate in this case. Parker testified that either she walked the homeowner's dog on June 16, 2016, or Naughton did so while Parker walked a neighbor's dog. Thus, it is evident that Parker was not out of town on the day in question, and evidence concerning Naughton's history of performing Parker's dog-walking services when she was away has no bearing on this case.

Affirmed.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica

---

[1] Among other required elements for first-degree home invasion, the defendant must either break and enter a dwelling or enter a dwelling without permission. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010).