*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMION LEMARR BELL,

        Defendant-Appellant.

UNPUBLISHED
January 30, 2020

No. 345825
Kent Circuit Court
LC No. 18-000103-FH

Before: MARKEY, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Damion Bell, appeals as of right his jury trial conviction for first-degree home invasion, MCL 750.110a(2)(b). Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

On December 15, 2017, Bell got into an argument with Bernadette Scott and she told him to leave her apartment. She locked the door after he left, but Bell returned around 10:30 p.m., asking about his hat. He entered the apartment and, after approximately one minute, he left. Scott locked the door again, and when Bell came back a second time she did not open the door. Bell kicked the closed door two times and walked away, so Scott opened the door and told him to stop kicking her door. She then went back inside her apartment. Video surveillance from the apartment complex hallway shows Bell pace back and forth a few times, stand in front of Scott's door, and kick the door seven times. His kicks broke the lock and doorframe and he entered the apartment without Scott's permission. She testified that Bell "started throwing stuff around, looking for the hat he said he lost, and then I was attacked." She stated that he punched and scratched her, but she later clarified that at that time he only scratched her neck. Bell eventually left the apartment. Yet, after approximately 10 seconds, he came back again. The surveillance video depicts him pushing her into the apartment, and Scott testified that at that point he punched, scratched, and grabbed her. Bell left once more, and this time he did not return.

-1-

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Bell argues that his conviction was not supported by sufficient evidence. This Court reviews de novo a claim of insufficient evidence. *People v Jones*, 297 Mich App 80, 86; 823 NW2d 312 (2012). "The evidence is reviewed in a light most favorable to the prosecution to determine whether a rational jury could find that each element of the crime was proved beyond a reasonable doubt." *Id.* In making the determination, this Court must "not interfere with the fact-finder's role of deciding the credibility of the witnesses." *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). Circumstantial evidence and the reasonable inferences that arise therefrom may be properly relied upon as satisfactory proof of each element of a crime. *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018).

### B. ANALYSIS

First-degree home invasion has alternative elements. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). The first element requires the prosecution to prove that the defendant's entry into a dwelling was either breaking and entering or entry without permission. *Id*. The second element requires the prosecution to prove either (1) the defendant "intends when entering to commit a felony, larceny, or assault in the dwelling" or (2) "at the time while entering, present in, or exiting the dwelling [the defendant] commits a felony, larceny, or assault." *Id*. Finally, to prove the third element the prosecution must establish that the defendant is armed with a dangerous weapon or another person is lawfully present in the dwelling. *Id*. In this case, with regard to the second element, the prosecution contended that Bell actually committed an assault after breaking and entering Scott's apartment or he committed an assault while entering the apartment. Accordingly, the prosecution must prove that Bell assaulted Scott. See *People v Meissner*, 294 Mich App 438, 453; 812 NW2d 37 (2011). Generally, assault is "either an attempt to commit a battery or an unlawful act that placed another in reasonable apprehension of receiving an immediate battery. A battery is an intentional, unconsented and harmful or offensive touching of the person of another." *Id.* at 453-454 (quotation marks and citations omitted).

Scott testified that Bell punched and scratched her. Viewing that evidence in the light most favorable to the jury, Bell assaulted Scott. In addition, there is no question that Bell's actions constituted both a breaking and entry into Scott's apartment and an entry without permission. He kicked the door open after being told to leave, and Scott testified he lacked permission to be in her apartment. Further, it is undisputed that Scott was lawfully in the apartment when Bell entered. Thus, the only element being challenged on appeal is whether Bell intended to or actually did assault Scott while he was in her apartment or while he was entering or exiting her apartment after his unlawful entry.

Bell asserts that no assault took place the first time he entered Scott's apartment without permission. In support, he directs this Court to Scott's testimony equivocating on whether she was punched in her apartment after Bell kicked her door open. Further, Scott's testimony does allow for an inference that the only assault was on camera, i.e., that it occurred in the hallway. Yet, when reviewing a challenge to the sufficiency of the evidence, we are not tasked with

determining whether a rationale view of the evidence supports the defendant's favored interpretation of the evidence. Instead, we must view the evidence in the light most favorable to the jury—the factfinder's—verdict. *Jones*, 297 Mich App at 86. Viewed in the proper light, Scott testified that she was attacked *inside* her apartment after Bell kicked open the door. She recounted that she was punched and she was scratched. That constitutes sufficient evidence that she was assaulted. And, even with the uncertainty introduced by Scott's answers to the cross-examination, the jury could reasonably infer that Bell broke and entered Scott's dwelling, that he committed an assault while in the dwelling, and that when he committed the assault, Scott was lawfully present in the dwelling. Accordingly, there is sufficient evidence to support Bell's conviction.

## III. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Next, Bell argues that his trial lawyer provided ineffective assistance by failing to request the jury be instructed on any lesser-included offenses. Generally, a defendant's claim of ineffective assistance of counsel is a "mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court "reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *People v Lane*, 308 Mich App 38, 67-68; 862 NW2d 446 (2014). However, because no *Ginther*[1] hearing was held, our review is limited to mistakes apparent on the record. See *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

### B. ANALYSIS

In order to establish that his lawyer provided ineffective assistance, Bell must establish (1) that his lawyer provided deficient assistance, i.e., that his performance "fell below an objective standard of reasonableness," and (2) that he was prejudiced by his lawyer's deficient performance, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864 (quotation marks and citation omitted). "Because there are countless ways to provide effective assistance in any given case, in reviewing a claim that counsel was ineffective courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (quotation marks and citation omitted).

Bell contends that his lawyer should have requested the jury be instructed on breaking and entering without permission, which is a lesser-included offense of first-degree home invasion. See *People v Silver*, 466 Mich 386, 392; 646 NW2d 150 (2002) (opinion by TAYLOR, J). However, the decision to not request the trial court to instruct the jury on a lesser-included offense can constitute sound trial strategy, *People v Sardy*, 216 Mich App 111, 116; 549 NW2d 23 (1996). "We will not substitute our judgment for that of counsel on matters of trial strategy,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). "The decision to proceed with an all or nothing defense is a legitimate trial strategy." *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982). Further, "many calculated risks may be necessary in order to win difficult cases." *Unger*, 278 Mich App at 242.

The relevant elements of breaking and entering without permission are that (1) the defendant broke and entered a building, (2) without permission from the owner. *People v Cornell*, 466 Mich 335, 361; 646 NW2d 127 (2002). The surveillance video clearly depicted Bell breaking into Scott's apartment by repeatedly kicking her door until the lock broke and the door opened. Bell then entered the apartment. Scott testified that he did not have permission to enter; however, even in the absence of her testimony, the jury could have reasonably inferred that someone who repeatedly kicks a door to open it does not have permission to enter. Therefore, as a practical matter, Bell had no viable defense to breaking and entering and, if it had been presented to the jury, there is a substantial and reasonable probability that he would have been convicted. Because Bell is a fourth-offense habitual offender, his sentence for breaking and entering would have been enhanced. See MCL 769.12. Rather than proceed with a defense strategy that would in all likelihood result in a conviction, Bell's lawyer pursued a defense that had the potential to result in Bell being acquitted. In furtherance of that strategy, Bell's lawyer impeached Scott's testimony that she was assaulted in her apartment after Bell kicked open the door and argued that a necessary element of the offense was missing. The fact that the strategy was not successful does not mean Bell's lawyer was ineffective for using it. See *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). This claim of ineffective assistance is, therefore, without merit.

## IV. STANDARD 4 BRIEF

Bell raises a number of additional arguments in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. We address each in turn.

### A. LACK OF SUBJECT-MATTER JURISDICTION

Bell asserts that the trial court lacked subject-matter jurisdiction because he was not charged with the crime of assault as an underlying offense to the amended charge of first-degree home invasion. However, because assault is an element of first-degree home invasion, the prosecution had no obligation to bring a separate charge of assault. Bell's claim is without merit.

Moreover, to the extent that Bell argues it was improper to amend the information following the preliminary examination, we discern no error. MCR 6.112(H) provides that the court may "before, during, or after trial . . . permit the prosecutor to amend the information . . . unless the proposed amendment would unfairly surprise or prejudice the defendant." A defendant is not unfairly prejudiced when the amended information does "not require a different defense or evidence" and the elements of the offense that the prosecutor moves to add are supported by testimony from the preliminary examination. *People v McGee*, 258 Mich App 683, 688, 691; 672 NW2d 191 (2003). Here, before the preliminary examination, the prosecution advised that the charge may be amended to first-degree home invasion depending on the evidence presented. Following a hearing, the trial court granted permission to amend the

complaint, noting that, based upon the evidence presented at the preliminary examination, there was probable cause to conclude that Bell committed first-degree home invasion, not second-degree home invasion. At the preliminary examination, Scott testified that she was punched and scratched by Bell after he kicked open the door to her apartment. Because the amended information did not require a different defense or evidence and the elements of the offense were supported by testimony from the preliminary examination, the amendment was not improper.

## B. DENIAL OF A LAWYER

Bell next argues that he was denied the effective assistance of a lawyer at a critical stage of the criminal proceedings because he had a stand-in lawyer at his status conference. Bell had two status conferences. At the first conference, his lawyer requested an adjournment so that Bell could view additional evidence. However, at the second conference, a different lawyer appeared. That lawyer was filling in for Bell's original lawyer. He explained that he had spoken with Bell and consulted with Bell's lawyer, and he represented that Bell did not wish to accept the plea offer. Bell, who was present, stated that he did not have any questions regarding the plea offer. Further, he did not raise any challenge to the performance by the stand-in lawyer. Accordingly, on this record Bell cannot show that he was denied the assistance of a lawyer at the status conference, nor can he show that he was prejudiced in any way by the presence of a stand-in lawyer.

## C. CONCESSION OF GUILT

Bell also argues that his trial lawyer was ineffective because he conceded that Bell was guilty of breaking and entering and of assault. However, Bell was not charged with either of those offenses. Instead, he was charged with first-degree home invasion. Bell's lawyer did not concede that Bell was guilty of the charge presented to the jury. His decision to admit some wrongdoing on Bell's part—especially when faced with the objective evidence in the surveillance video—was a matter of trial strategy and does not amount to ineffective assistance. See *Petri*, 279 Mich App at 412.

## D. FAILURE TO INFORM BELL OF PLEA OFFER

Bell next asserts that his lawyer failed to inform him of the plea offer. However, the record reflects that Bell was present when, acting on his behalf, his lawyer rejected the plea offer made by the prosecution before the preliminary examination. This claim is wholly without merit.

Affirmed.

/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly