PEOPLE v RONALD P. JOHNSON

OPINION OF THE COURT

1. HOMICIDE—MURDER—FIRST DEGREE MURDER—PREMEDITATION—EL-
ELEMENTS OF CRIME.

Submission to the jury of a charge of first-degree murder was not
error where the evidence, viewed as a whole, is sufficient for a
jury to infer that the defendant had time for a second look or
reflection, making it possible to find premeditation, an essential
element of first-degree murder.

DISSENT BY T. M. BURNS, J.

2. HOMICIDE—MURDER—FIRST DEGREE MURDER—PREMEDITATION—DE-
LIBERATION—PREJUDICE—CHANCE OF ACQUITTAL—LESSER OF-
FENSES.

*Denial of a motion for a directed verdict of acquittal on a first-
degree murder charge is reversible error where there is insuffi-
cient evidence of premeditation and deliberation, because a
defendant may very well suffer the prejudice of a diminished
chance of acquittal on a lesser offense.*

Appeal from Washtenaw, William F. Ager, Jr.,
J. Submitted February 3, 1977, at Lansing. (Docket
No. 23326.) Decided March 28, 1977.

Ronald P. Johnson was convicted of manslaugh-
ter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, *John J. Hensel,* Senior As-
sistant Prosecuting Attorney, Chief of Appellate

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 45.
[2] 40 Am Jur 2d, Homicide §§ 45, 541–543.

Division, and *James S. Sexsmith,* Assistant Prosecuting Attorney, for the people.

*George Wahr Sallade,* for defendant.

Before: D. C. RILEY, P. J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. Defendant was charged with first-degree murder; the jury returned a verdict of guilty to the lesser offense of manslaughter (MCLA 750.321; MSA 28.553). Defendant received a sentence of 5 to 15 years imprisonment and now appeals.

Defendant's principal issue on appeal is that the trial court erred in refusing to direct a verdict for defendant on the charge of first-degree murder; the alleged error is based upon an assertion that the evidence of premeditation and deliberation presented at trial was insufficient to support a jury finding of guilty of first-degree murder. Prejudice is claimed in that submission to the jury of the alleged unwarranted charge of first-degree murder could lessen the chance of acquittal on a lesser included offense. *People v Vail,* 393 Mich 460; 227 NW2d 535 (1975).

An examination of the record does not support defendant's assertions. One witness at trial testified that two series of shots were fired with a definite pause between the two series. The total number of shots was estimated to be eight to ten with four or five constituting the second series. A search of the apartment uncovered five empty rifle cartridges which had been fired from the weapon used by defendant. Examination of decedent revealed two bullet wounds in the front of the skull and one in the back, but no powder burns were present. Testimony was also offered that defendant

had told a police officer that he continued to shoot at decedent until the rifle jammed. Viewed as a whole, this evidence is sufficient for a jury to infer that defendant had time for the "second look" or reflection; a finding of premeditation, an essential element of first-degree murder, would, therefore, be possible. *People v Treadwell,* 63 Mich App 299; 234 NW2d 494 (1975), *People v Meier,* 47 Mich App 179; 209 NW2d 311 (1973), *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971).

The other issues raised by defendant are without merit.

Affirmed.

D. C. RILEY, P. J., concurred.

T. M. BURNS, J. *(dissenting).* I respectfully dissent. It is my judgment that there was insufficient evidence of premeditation and deliberation to justify submission of the first-degree murder charge to the jury. Denial of the motion for a directed verdict on the first-degree murder charge was reversible error as defendant may very well have suffered the prejudice of a diminished chance of acquittal on a lesser offense. See *People v Hoffmeister,* 394 Mich 155; 229 NW2d 305 (1975), *People v Vail,* 393 Mich 460; 227 NW2d 535 (1975).