*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARCUS DWAYNE CLARK,

Defendant-Appellant.

UNPUBLISHED
May 19, 2025
2:13 PM

No. 366097
Oakland Circuit Court
LC No. 2022-279835-FC

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Defendant, Marcus Dwayne Clark, appeals as of right his convictions and sentences for two counts of conspiracy to commit first-degree murder. MCL 750.316(1)(a); MCL 750.157a. Defendant was 19 years old when he committed these offenses. The trial court sentenced defendant to mandatory life in prison without the possibility of parole. We affirm defendant's convictions but remand for resentencing.

## I. FACTS

In the early morning hours of January 3, 2021, defendant and three other people fired over 30 shots at a car traveling on Warren Avenue in Pontiac. The driver of the car was shot in his right arm and left thigh, and the passenger was grazed on the back of his neck, but both survived. The victims called 911 as they sped away. Surveillance videos from surrounding businesses captured the shooting. Lieutenant Eric Hix of the Pontiac Police Department viewed the surveillance footage and put out a call describing the suspects and their vehicles. Defendant and the three other shooters, identified as Anthony Curry, Omarion Pate, and Immanuel Gates, were arrested at a nearby gas station a few hours later after a police officer recognized their minivan. Upon a search of the minivan, officers recovered a nine-millimeter shell casing from the backseat and took it into evidence.

After a jury trial, defendant was found guilty of two counts of conspiracy to commit first-degree murder, MCL 750.157a(a); MCL 750.316(1)(a), carrying a concealed weapon (CCW), MCL 750.227(2), two counts of assault with intent to commit murder (AWIM), MCL 750.83, and four counts of carrying a firearm in the commission of a felony (felony-firearm), MCL

-1-

750.227b(1). Defendant was sentenced to one year in jail for CCW, 15 to 30 years' imprisonment for each count of AWIM, two years' imprisonment for each count of felony-firearm, and life imprisonment without eligibility for parole (LWOP) for each count of conspiracy to commit first-degree murder. Defendant now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence to convict him of conspiracy to commit first-degree murder. We disagree.

## A. STANDARD OF REVIEW

"[A] conviction that is not supported by sufficient evidence to prove guilt beyond a reasonable doubt violates due process and cannot stand." *People v Prude*, 513 Mich 377, 384; 15 NW3d 249 (2024), citing US Const, Ams V and XIV; Const 1963, art 1, § 17. This Court reviews challenges to the sufficiency of the evidence de novo. *Id*. We review the evidence in a light most favorable to the prosecution to determine whether a reasonable trier of fact could find all of the elements proven beyond a reasonable doubt. *Id*. at 385. "A reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id*., quoting *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018).

## B. ANALYSIS

The prosecution presented evidence of every element of conspiracy to commit first-degree murder. "Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy…." MCL 750.157a. "A conviction of first-degree murder requires evidence that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011) (citation and quotation marks omitted). "A criminal conspiracy is a partnership in criminal purposes, under which two or more individuals voluntarily agree to effectuate the commission of a criminal offense." *Id*.

> The gist of conspiracy lies in the illegal agreement; once the agreement is formed, the crime is complete. Michigan law requires no proof of an overt act taken in furtherance of the conspiracy. And, because the crime is complete upon the conspirators' agreement, the prosecution need not prove that the purpose contemplated by the unlawful agreement was accomplished. [*People v Seewald*, 499 Mich 111, 117; 879 NW2d 237 (2016) (quotation marks and citations omitted).]

"Direct proof of a conspiracy is not required; rather, 'proof may be derived from the circumstances, acts, and conduct of the parties.'" *Jackson*, 292 Mich App at 588 (citation omitted).

Defendant contends there was insufficient evidence to prove his identity, intent to kill, agreement, and premeditation. First, there was sufficient evidence to prove defendant's identity as one of the shooters. "Identity of the perpetrator is an element in every criminal case." *People*

*v Galloway*, 335 Mich App 629, 641; 967 NW2d 908 (2020). Defendant was arrested in the same clothing he was wearing during the shooting, as seen in the surveillance video: black jogging pants with a white stripe down the side; boxers with a green, gray, brown, and black pattern; a shirt with a skull on it; a gray hooded sweatshirt; and brown boots. At trial, Special Agent Weston, an agent with the Bureau of Alcohol, Tobacco and Firearms, testified that he was familiar with defendant through his investigations with the gun violence task force in conjunction with the Oakland County Sheriff's Department. He had previously interviewed two of the other shooters and had concluded they were "known associates" of defendant. Special Agent Weston also searched Gates's phone pursuant to a search warrant and uncovered a video and photos from the night of the shooting, showing defendant and Gates holding guns. Therefore, there was sufficient evidence to prove defendant's identity.

The evidence was also sufficient to establish an agreement necessary to prove a conspiracy. *Jackson*, 292 Mich App at 588. The two vehicles are shown in several videos driving slowly side by side. The officer in charge, Detective Thomas, testified that the two suspect vehicles appeared to have a short exchange while driving alongside each other on Warren Avenue. The back-seat driver's side door was open during the exchange. The two vehicles circled the area, and returned in tandem to enter the alleyway. Then, both vehicles positioned themselves to face Warren Avenue. All four individuals exited the vehicles and began to shoot at the car driving down Warren. While there was no direct evidence of any oral or written agreement among defendant and the other shooters, this exchange and the coordinated actions of the vehicles and shooters is sufficient circumstantial evidence of an agreement necessary to establish a conspiracy. See *id*. This constitutes sufficient circumstantial proof that defendant, along with the other shooters, "specifically intended to further, promote, advance, or pursue an unlawful objective." *Id*. (quotation marks and citations omitted).

There was also sufficient evidence to prove defendant's intent and premeditation to commit first-degree murder. The crime of conspiracy is committed at the time the agreement is made. *Id*. The evidence was sufficient to establish that defendant had the intent to kill and the killing would have been premeditated. MCL 750.316(1)(a). Because of the difficulty of proving a defendant's state of mind as to intent, minimal circumstantial evidence is sufficient to prove this element, and intent can be inferred from all the evidence presented. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). A defendant's use of a lethal weapon supports an inference of intent to kill. *People v Ray*, 56 Mich App 610, 615; 224 NW2d 735 (1974).

Premeditation means "to think about beforehand," and, as with intent to kill, an inference of premeditation can be established from all the facts of the case. *People v Bass*, 317 Mich App 241, 266; 893 NW2d 140 (2016). "Though not exclusive, factors that may be considered to establish premeditation include the following: (1) the previous relationship between the defendant and the victim; (2) the defendant's actions before and after the crime; and (3) the circumstances of the killing itself, including the weapon used and the location of the wounds inflicted." *Id*. (citation omitted). The number of gunshots fired may be considered in determining whether the defendant acted with premeditation. See *People v Johnson*, 74 Mich App 234, 235-236; 253 NW2d 721 (1977).

Here, the evidence introduced at trial did not establish a previous relationship between defendant and the victims. However, that is not the only factor in determining premeditation.

Defendant's actions before and after the shooting establish that he and the others thought about committing the shooting before it happened. As discussed above, the two vehicles circled the area and appeared to have a 15-second conversation before driving off and returning to park in the alleyway. Both vehicles positioned themselves to face Warren Avenue. Defendant exited the minivan first, began shooting when the victims' car pulled into view, and then the others followed. The shooters used handguns and fired over thirty shots at the car, hitting the driver twice. The coordination between the shooters along with the use of deadly weapons and the large number of gunshots fired indicate the defendant acted with premeditation and had an intent to kill. The evidence was sufficient to prove all the elements of defendant's convictions for conspiracy to commit first-degree murder.

## III. JURY INSTRUCTIONS FOR LESSER INCLUDED OFFENSES

Defendant argues that he was deprived of due process and a properly instructed jury when the trial court denied his request for lesser-included offense instructions on defendant's conspiracy to commit first-degree murder charges. Defendant argues that his counsel requested instructions for the lesser-included offenses of conspiracy to commit second-degree murder in violation of MCL 750.317, and conspiracy to commit assault with intent to commit great bodily harm (AWIGBH) less than murder in violation of MCL 750.84. Defendant argues the trial court erred in denying the request, or alternatively, defense counsel was ineffective for not objecting to the deficient jury instructions. We disagree.

## A. STANDARDS OF REVIEW

A defendant must object or request that a jury instruction be given to preserve an issue on appeal related to jury instructions. MCL 768.29; *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018). "Unpreserved issues are reviewed for plain error affecting a defendant's substantial rights." *Head*, 323 Mich App at 537 (citation omitted). This Court reviews the trial court's decision whether a jury instruction applies to the facts of the case for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008).

Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). The legal questions involved are reviewed de novo. *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021). The trial court's factual findings are reviewed for clear error. *Trakhtenberg*, 493 Mich at 47. A finding is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made on the whole record. *People v Wiley*, 324 Mich App 130, 165; 919 NW2d 802 (2018).

## B. ANALYSIS

Criminal defendants enjoy the right to have a properly instructed jury consider the evidence at trial. *Head*, 323 Mich App at 537. Jury instructions must include "all elements of the charged offenses and any material issues, defenses, and theories if supported by the evidence." *Id*., citing

*People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005). "[A]n imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *Id*. (citation omitted).

At trial, defense counsel requested a lesser-included offense instruction for conspiracy to commit second-degree murder, despite acknowledging that conspiracy to commit second-degree murder is not a recognized offense under Michigan law. Defense counsel argued that for second-degree murder, there are three possible states of mind that may be present: intent to kill, intent to commit great bodily harm, or acting in reckless disregard that the actions could lead to death or great bodily harm. The prosecution argued that conspiracy requires premeditation, and that is not an element of second-degree murder, only first-degree murder. After the trial court denied defendant's request based on binding caselaw, defense counsel and the court had the following exchange:

> *Defense counsel*: [I]t occurred to me that [sic] second, second degree murder intent possibility, intent to do great bodily harm would fit in very fine here. Because somebody getting shot at could be—that could be a crime, intent to do great bodily harm.
>
> In fact, I'll argue for that lesser included for Counts 5 and 7 later this morning. But because it is part of the elements of second degree, it seemed like it would fit into the jury instruction the way you said it. But I understand your position.
>
> *The Court*: I think you and I are struggling with the same exact point. Is that it makes no—it seems to be a real flaw in how the law is presented currently. Is that if conspiracy—if you can conspire to commit any crime, why can't you conspire to commit a crime that would intent to do great bodily harm. I'm agreeing with you.
>
> *Defense counsel*: Okay.
>
> *The Court*: But I have a—I have case law on point. This is—I can't do that.
>
> *Defense counsel*: I understand.

The trial court was correct that conspiracy to commit second-degree murder is not an existing criminal offense because it does not require premeditation and may not require a specific intent to kill pursuant to *People v Hammond*, 187 Mich App 105, 107-108; 466 NW2d 335 (1991). Thus, the trial court did not abuse its discretion by denying defendant's request to have a conspiracy to commit second-degree murder instruction read to the jury.

As to defendant's argument that the trial court plainly erred in failing to read a jury instruction for conspiracy to commit AWIGBH less than murder, it is clear that defense counsel did not in fact request an instruction for conspiracy to commit AWIGBH less than murder. The exchange in the transcript excerpt above shows that defense counsel was merely arguing that, in order to instruct on conspiracy to commit second-degree murder, the evidence must fit one of three possible states of mind, and one of those states of mind can be an intention to do great bodily

harm.[1]  The trial court nevertheless found that binding caselaw prohibited instructing on conspiracy to commit second-degree murder and this was not an abuse of discretion.

Even if defense counsel requested an instruction on conspiracy to commit AWIGBH less than murder, that offense is not a necessarily included lesser offense of conspiracy to commit first-degree murder, and thus the trial court could not have instructed the jury on it.  "Necessarily included lesser offenses are offenses in which the elements of the lesser offense are completely subsumed in the greater offense." *People v Everett*, 318 Mich App 511, 529; 899 NW2d 94 (2017) (citation omitted).  "[A] jury instruction on a necessarily included lesser offense is appropriate if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Yeager*, 511 Mich 478, 490; 999 NW2d 490 (2023) (quotation marks and citation omitted).  "Failure to instruct on a lesser included offense undermines reliability in the verdict only when the evidence clearly supports the lesser included instruction, but the instruction is not given." *Everett*, 318 Mich App at 529 (quotation marks and citation omitted).

On the other hand, "[n]ecessarily included lesser offenses are distinguishable from cognate offenses."  *People v Wilder*, 485 Mich 35, 41; 780 NW2d 265 (2010).  Cognate lesser offenses "share several elements and are the same class or category of the greater offense, but contain elements not found in the greater offense." *Id*.  As such, "the trier of fact may not find a defendant not guilty of a charged offense but guilty of a cognate offense because the defendant would not have had notice of all the elements of the offense that he or she was required to defend against." *Id*.

Second-degree murder is a lesser included offense of first-degree murder.  *Yeager*, 511 Mich at 501-502.  And AWIGBH less than murder is a necessarily included lesser offense of AWIM.  *Everett*, 318 Mich App at 529.  However, AWIGBH less than murder is not a necessarily included lesser offense of first-degree murder.  *People v Williams*, 143 Mich App 574, 579-581; 374 NW2d 158 (1985).  First-degree murder obviously requires a death, while AWIGBH does not.  Compare MCL 750.316, with MCL 750.84.  Thus, conspiracy to commit AWIGBH is a cognate lesser offense, and the trial court did not plainly err by denying defendant's request to give this instruction to the jury.

Alternatively, defendant argues that defense counsel was ineffective for failing to request a jury instruction on conspiracy to commit AWIGBH as a lesser-included offense or to otherwise object to the instructions.  To establish ineffective assistance of counsel, a defendant must show that (1) trial counsel's performance was objectively deficient, and (2) the deficiencies prejudiced the defendant. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  "Trial counsel's

---

[1] The model instruction for second-degree murder provides in pertinent part, "Second, that the defendant had one of these three states of mind: [he/she] intended to kill, or [he/she] intended to do great bodily harm to [name deceased], or [he/she] knowingly created a very high risk of death or great bodily harm knowing that death or such harm would be the likely result of [his/her] actions."  M Crim JI 16.5.

performance is deficient when it falls below an objective standard of professional reasonableness." *People v Hughes*, 339 Mich App 99, 105; 981 NW2d 182 (2021). And prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 106. It is presumed that counsel is effective, and defendant must overcome the strong presumption that counsel's actions constitute sound trial strategy. *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015).

Here, defense counsel did not request an instruction on conspiracy to commit AWIGBH less than murder. However, because AWIGBH less than murder is not a necessarily included lesser offense of first-degree murder, defense counsel was not ineffective for failing to request the instruction. "Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel." *Isrow*, 339 Mich App at 532. It would have been futile for defense counsel to request an instruction for conspiracy to commit AWIGBH less than murder because it is a cognate lesser offense, and instruction on cognate lesser offenses is not permitted. See *Wilder*, 485 Mich at 41. Defendant cannot show that counsel's performance was deficient for failing to request an instruction on a cognate lesser offense. See *Hughes*, 339 Mich App at 105.

## IV. SENTENCES

Defendant was sentenced to mandatory life imprisonment without the possibility of parole (LWOP) for both convictions of conspiracy to commit first-degree murder. He argues that mandatory LWOP constitutes cruel or unusual punishment in violation of the Michigan Constitution, Const 1963, art 1, § 16, for 19-year-old defendants such as himself. Because a recent decision of our Supreme Court holds that LWOP can no longer be mandatorily imposed for defendants aged 19 and 20, we agree.

### A. STANDARD OF REVIEW

Interpretation and construction of statutes and constitutional issues are questions of law that are reviewed de novo. *People v Butler*, 513 Mich 24, 29; 6 NW3d 54 (2024). "Statutes are to be interpreted in accordance with legislative intent, the most reliable evidence of which is the plain language of the statute itself." *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021). This Court gives effect "to every word, phrase, and clause to avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id*. (citation omitted).

### B. ANALYSIS

The conspiracy statute provides that a person convicted of conspiracy to commit an offense punishable by imprisonment for one year or more "shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit . . . ." MCL 750.157a(a). Defendant was convicted of two counts of conspiracy to commit first-degree murder—one count for each of the two victims. The statute for first-degree murder, MCL 750.316, provides that a person convicted of first-degree murder "shall be punished by imprisonment for life without eligibility for parole." As required by MCL 750.316, the trial court sentenced defendant to mandatory LWOP.

In *People v Parks*, 510 Mich 225, 268; 987 NW2d 161 (2022), our Supreme Court held that mandatory LWOP sentences are cruel or unusual punishment when applied to 18-year-old defendants. And recently, the Supreme Court extended this reasoning to those defendants who were 19 or 20 years old at the time they committed their crimes because this class of defendants "share with 18-year-olds the same mitigating characteristics of late-adolescent brain development." *People v Taylor*, __ Mich __, __; __ NW3d __ (2025) (Docket Nos. 166428; 166654); slip op at 1. The Supreme Court clarified that its decision did not "foreclose the possibility that LWOP could be an appropriate punishment under rare circumstances," but as in *Parks*, the Michigan Constitution prohibits the imposition of such a sentence for late adolescents age 19 or 20 without individualized sentencing considering the mitigating factors of youth. *Id*. at ___; slip op at 13-14.

Defendant was 19 years old when he committed the shooting for which he has been convicted and sentenced to mandatory LWOP. Therefore, he is entitled to resentencing. *People v Poole*, __ Mich __, __; __ NW3d __ (2025) (Docket No. 166813); slip op at 1 (*Parks* applies retroactively). Because we are vacating defendant's sentences for conspiracy to commit first-degree murder, we need not address his remaining arguments on appeal pertaining to these sentences.

## V. CONCLUSION

We affirm defendant's convictions but vacate defendant's two LWOP sentences for conspiracy to commit first-degree murder, and remand to the trial court for resentencing on those two counts under *Taylor* and MCL 769.25. We affirm the sentences imposed for all other counts. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford

-8-